

BY FAX

FILED

11 FEB 23 AM 10: 55

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

1  Donald J. Kula, Bar No. 144342
   DKula@perkinscoie.com
2  Amir Gamliel, Bar No. 268121
   AGamliel@perkinscoie.com
3  PERKINS COIE LLP
   1888 Century Park E., Suite 1700
4  Los Angeles, CA  90067-1721
   Telephone: 310.788.9900
5  Facsimile: 310.788.3399

6  Attorneys for Applicant
   Digital Cinema Network Pty Ltd ACN 132 404 481
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  LOS ANGELES DIVISION

11

12 Digital Cinema Network Pty Ltd ACN     Case No. CV11 01583 DSF PLAx
   132 404 481,
13                                        APPLICATION BY INTERESTED
                   Applicant,             PERSON DIGITAL CINEMA
14                                        NETWORK PTY LTD TO TAKE
         v.                               DEPOSITION FOR USE IN
15                                        FOREIGN ACTION
   Omnilab Media Pty Limited; Omnilab    [28 U.S.C. § 1782(a)]
16 Media Cinema Services Pty Ltd; and
   Michael Geoffrey Smith,
17
                   Respondents.
18

19

20

21

22

23

24

25

26

27

28

76503-0001/LEGAL20270120.1                 Application to take deposition for use in foreign
                                                                                  action

**TO THE HONORABLE COURT:**

**Introduction.**

Applicant Digital Cinema Network Pty Ltd ("Digital Cinema" or "Applicant") hereby respectfully requests that this Court issue an Order in accord with the order of Justice Gordon of the Federal Court of Australia, Victoria District Registry, in the matter of Digital Cinema v. Omnilab Media Pty Limited ("Omnilab"), Omnilab Media Cinema Services Pty Ltd ("OmniDCN"), and Michael Geoffrey Smith ("Mr. Smith", and collectively, "Respondents"), for necessary witnesses Nicholas Zylberstein and Julian Levin to appear for oral examination via live video conference, in a manner that allows the parties and the judge presiding over the foreign proceeding to participate in taking their evidence in accordance with Federal Rules of Civil Procedure Rule 30.

**Case summary.**

On September 22, 2010, Digital Cinema commenced an action against Respondents in the Federal Court of Australia, Victoria District Registry, General Division, Case No. PVID813/2010. The action is now pending before such court. Digital Cinema commenced the action primarily to determine which party is and was entitled to enter into, and receive the benefits flowing out of, valuable contracts with certain United States film studios (the "Studios"), which would grant financial subsidies to independent Australian commercial cinema owners to upgrade their projection equipment from analogue to digital. The Studios began providing financial subsidies, known as the "Virtual Print Fee" or "VPF", in the mid 2000's. The Studios would negotiate VPF agreements with an entity known as a "digital integrator" rather than negotiating with individual cinema owners. The "digital integrator", in turn, would achieve a minimum number of digital cinema installations.

Mr. Zylberstein and Mr. Levin are each employed by one of the Studios and commenced negotiations with Digital Cinema in 2008. As such, their respective

testimonies are necessary for appropriate resolution of this matter pending in Australia.

The trial between the parties is set to commence on March 15, 2011

**Applicable standard.**

As a direct party to the Australian proceeding, Digital Cinema has a legally recognized interest in the outcome. As such, Digital Cinema is entitled to avail itself of 28 U.S.C. § 1782, titled "Assistance to Foreign and International Tribunals and to Litigants before Such Tribunals", also known as the United States Foreign Discovery Statute.

In accord with 28 U.S.C. § 1782, Digital Cinema has obtained an Order from the Australian judiciary, attached hereto and incorporated by reference herein as *Exhibit A*, requesting that the appropriate judicial authorities of the United States of America take or cause to be taken, by compulsory means, and at a location in the United States considered appropriate, the sworn or affirmed evidence of Los Angeles residents, Nicolas Zylberstein and Julian Levin. Digital Cinema further requests, if considered appropriate, that the evidence be obtained in a manner that would allow the parties to the Australian proceeding, including the presiding judge, to participate in taking Mr. Zylberstein Mr. Levin's deposition testimony via live video conference.

**Requested depositions.**

Nicolas Zylberstein, a non-party witness in the Australian proceeding, resides at 500 S. Buena Vista Street, Los Angeles, California, which is within the judicial district of this Court. Mr. Zylberstein is believed to have knowledge of facts material to the resolution of the action pending before the Federal Court of Australia.

Mr. Julian Levin, a non-party witness in the Australian proceeding, resides at 10201 West Pico Boulevard, Los Angeles, California, also within the judicial district of this court. Mr. Levin is also believed to have knowledge of facts material

to the resolution of the action pending before the Federal Court of Australia.

Digital Cinema seeks to depose Messrs. Zylberstein and Levin with respect to the following issues:

- the identity of the entities on whose behalf Respondent Mr. Smith was conducting negotiations for VPF agreements;
- the period of time during over which the negotiations for VPF agreements were held;
- the identity of the persons who were involved in the negotiations for VPF agreements;
- the representations made to each of them by those conducting the negotiations for VPF agreements when Omnilab, OmniDCN and further or alternatively, ICAA were introduced to those negotiations; and
- their current understanding of the basis on which the Respondents are presently conducting the negotiations for VPF agreements.

These issues, to the extent they can be resolved by Messrs. Zylberstein and Levin, would be material to the resolution of the action pending before the Australian judiciary. It is therefore necessary and critical that Digital Cinema obtain an Order from this Court to procure their testimonies.

### Relief requested.

Based on the foregoing, Digital Cinema hereby respectfully applies with the Court for an order directing Nicolas Zylberstein and Julian Levin to give their depositions in accordance with the Federal Rules of Civil Procedure for use in the foreign proceeding described above. Attached hereto and incorporated by reference herein as *Exhibit B*, are subpoena forms for Messrs. Zylberstein and Julian Levin. Digital Cinema respectfully requests that the depositions be taken in such manner and under such conditions and restrictions as the Court may prescribe, for use in the above-described action now pending in the Federal Court of Australia, Victoria District Registry, by appointing: (i) the judge presiding over the Australian action,

1  (ii) Mr. S R Senathirajah, Solicitor for Digital Cinema, (iii) Messrs. J Peters SC and
2  J. Slattery, Solicitors for Omnilab and OmniDCN, and (iv) Mr. D. Crennan,
3  Solicitor for Mr. Smith, to examine (and re-examine) Messrs. Zylberstein and Levin
4  via live video conferencing equipment provided by Merrill Corporation LegaLink,
5  Inc. Los Angeles, at 350 South Grand Avenue, Suite 3000, Los Angles, CA 90071,
6  on March 15, 2011 commencing at 1:00 p.m. Pacific Standard Time (P.S.T.), and
7  prescribing any such further relief as the Court may deem just and proper.

9  DATED: February 22, 2011        **PERKINS COIE LLP**

                                    By: _____
                                    Amir Gamliel, Bar No. 268121
                                    AGamliel@perkinscoie.com

                                    Attorneys for Applicant
                                    Digital Cinema Network Pty Ltd ACN
                                    132 404 481

# EXHIBIT A

IN THE FEDERAL COURT OF AUSTRALIA
VICTORIA DISTRICT REGISTRY
GENERAL DIVISION

No:  **(P)VID813/2010**

DIGITAL CINEMA NETWORK PTY LTD (ACN 132 404 481)
Applicant

OMNILAB MEDIA PTY LIMITED (ACN 002 585 391)
First Respondent / Cross Claimant

OMNILAB MEDIA CINEMA SERVICES PTY LTD (ACN 145 363 855)
Second Respondent / Cross Claimant

MICHAEL GEOFFREY SMITH
Cross Respondent

Mr Terry Nafisi
Clerk of Court
United States District Court
Central District of California
312 N Spring St # G8
Los Angeles
CA 90012-2095

Facsimile: (213) 894-4422
records_cacd@cacd.uscourts.gov

**Letter of Request pursuant to s 7(1)(c) of the *Foreign Evidence Act 1994* (Cth) in relation to *Digital Cinema Network Pty Ltd v Omnilab Media Pty Ltd & Ors* VID 813/2010 in the Federal Court of Australia**

Dear Mr Nafisi,

I, **PATRICK ANTHONY KEANE**, Chief Justice of the Federal Court of Australia, for the following reasons and for the assistance of this Court, **REQUEST** you, as the Clerk of Court, United States District Court, to **TAKE OR CAUSE TO BE TAKEN**, by compulsory means, at a location in the United States considered appropriate, the **SWORN OR AFFIRMED EVIDENCE** of:

(a)     Mr Nicolas Zylberstein of 500 S.Buena Vista Street, Los Angeles, California; and

(b)     Mr Julian Levin of 10201 West Pico Boulevard, Los Angeles, California,

in respect of the issues in dispute in this proceeding which is listed for trial on **15 March 2011**, and if considered appropriate, in a manner that allows the parties to this proceeding to be able to participate in the taking of Mr Zylberstein's and Mr Levin's evidence via video conference.

**ALLEGATIONS IN THE PROCEEDINGS**

1. In the mid 2000's, US film studios (the **Studios**) began providing financial assistance to cinemas to upgrade their projection equipment from analogue to digital. The financial assistance, in the form of a subsidy, was called the "Virtual Print Fee" or "VPF". The Studios were not willing to negotiate with individual cinema owners. Instead, the Studios would negotiate the VPF agreements with an entity known as "digital integrator" – an entity able to achieve a minimum number of digital cinema installations.

2. In June 2008, the Applicant (**DCN**) was established with the alleged objective of becoming a digital integrator for the purpose of becoming a party to VPF agreements with the Studios in relation to independent cinemas in Australia.

3. DCN alleges that:

    (a) DCN was formed by Martin Gardiner, James Gardiner and Michael Smith (**Smith**) to secure VPF agreements for the ultimate benefit of independent Australian commercial cinema owners and that Smith's role was to negotiate the VPF agreements with the Studios for DCN;

    (b) while DCN was in the process of seeking to satisfy requirements of the Studios, the Independent Cinemas Association of Australia (**ICAA**) approached DCN (through Smith) and told Smith that they would recommend to its members that they support DCN's VPF agreement negotiations;

    (c) over the last couple of years, DCN (through Smith) had been working to secure formal VPF agreements with the Studios;

    (d) from about November 2008 and without the knowledge or consent of the other directors of DCN, Smith appears to have decided that the benefits of the VPF agreement negotiations belonged to him or his company (**MGS**) and not DCN, including negotiating a payment from ICAA to MGS in return for granting to ICAA the power to decide who should be allowed to sign the VPF agreements with the Studios negotiated by Smith (which DCN alleges were negotiations on its behalf);

(e) ICAA subsequently nominated the first respondent (**Omnilab**) to enter into the VPF agreements and instructed Smith to bring about that result;

(f) earlier in 2010, Omnilab expressed to Smith an interest in purchasing DCN and, to that end, in March 2010, DCN entered into a Non-Disclosure Agreement with Omnilab so that it could be provided with information to enable it to assess whether to acquire DCN. Those negotiations failed;

(g) after the failure of the negotiations, on 22 July 2010, Omnilab established the second respondent (**OmniDCN**). OmniDCN has made representations to DCN's suppliers that it purchased DCN or DCN's business; and

(h) at about the same time and without the knowledge or consent of the other directors of DCN, Smith at the request of ICAA and Omnilab and further or alternatively OmniDCN, physically substituted DCN's name on the VPF contracts with the new and similar name – OmniDCN.

4. As a result, DCN alleges it suffered loss and damage on the grounds that Smith contravened ss 180 – 184 of the *Corporations Act 2001* (Cth) (the **Corporations Act**) and each of Omnilab and OmniDCN (the **Omnilab Parties**) aided and abetted, counselled or procured Smith or was knowingly concerned or a party to the contravention by Smith of ss 180 – 184 of the Corporations Act and knowingly received property belonging to DCN obtained by Smith in breach of his fiduciary duties to DCN. In addition, DCN also alleges against Omnilab and OmniDCN a breach of express and implied contractual obligations of confidence and makes a claim of misleading and deceptive conduct concerning the relationship between DCN and the Omnilab Parties.

5. All respondents deny the allegations. Omnilab and OmniDCN contend, *inter alia*, that from in or around January 2009, ICAA sought and obtained member approval to engage MGS to conduct the negotiations with the Studios on its behalf, that an arrangement was entered into whereby MGS would be paid a commission on the successful negotiation of the VPF agreement between ICAA members and a US film studio and that from January 2009, Smith conducted all VPF negotiations as a representative of MGS and not DCN.

6. The trial of the proceeding is to commence on 15 March 2011. An issue to be determined at trial is who is entitled to enter into, and receive the benefits flowing out of, the VPF Agreements with the Studios which grant or will grant financial subsidies to independent Australian commercial cinema owners to upgrade their analogue projection equipment to digital projection equipment.

7. Mr Zylberstein and Mr Levin are each employed by one of the Studios and commenced negotiations for VPF Agreements with DCN in 2008. By way of summary, the evidence of Mr Zylberstein and Mr Levin is therefore required in relation to the following issues:

   (a)   the identity of the entity on whose behalf Smith (the Third Respondent) was conducting negotiations for VPF Agreements;

   (b)   the period of time over which the negotiations for VPF Agreements were held;

   (c)   the identity of the persons involved in the negotiations for VPF Agreements;

   (d)   the representations made to him by those conducting the negotiations for VPF Agreements when Omnilab, OmniDCN and further or alternatively, ICAA were introduced to those negotiations;

   (e)   their current understanding of the basis on which the respondents are presently conducting the negotiations for VPF Agreements.

**ATTACHMENTS**

8. Attached to this letter of request is a copy of the following documents:

   (a)   Further Amended Federal Court Application dated 3 February 2011;

   (b)   Further Amended Fast Track Statement dated 3 February 2011;

   (c)   The First and Second Respondents' Fast Track Response dated 25 October 2010; and

   (d)   Applicant's Summary of Case dated 2 February 2011.

Accordingly, I request the United States District Court to act in aid of, and be auxiliary to, this Honourable Court.

Dated: *14 February, 2011*

*P.A. Keane*
P.A. Keane
Chief Justice
Federal Court of Australia

# EXHIBIT B

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| Digital Cinema Network PTY LTD | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Omnilab Media Pty Limited; Omnilab Media Cinema Services PTY LTD; and Michael Geoffrey Smith | ) ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Federal Court of Australia, Victoria Distr ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Julian Levin

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 350 South Grand Avenue, Suite 3000, Los Angles, CA 90071 | Date and Time: 03/15/2011 1:00 pm |
|---|---|

The deposition will be recorded by this method:   stenographically and via live video conference

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

          *CLERK OF COURT*
                                                            OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Digital Cinema Network PTY LTD (ACN 132 404 481)_____, who issues or requests this subpoena, are:
Donald J. Kula, esq. of Perkins Coie LLP, 1888 Century Park East, Suite 1700, Los Angeles, CA 90067; Tel: (310) 788-3399; Fax: (310) 788-9900; DKula@perkinscoie.com

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   Nicolas Zylberstein

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____   on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
  **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | | |
|---|---|---|
| Digital Cinema Network PTY LTD | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Omnilab Media Pty Limited; Omnilab Media Cinema Services PTY LTD; and Michael Geoffrey Smith | ) ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Federal Court of Australia, Victoria Distr ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Nicolas Zylberstein

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 350 South Grand Avenue, Suite 3000, Los Angles, CA 90071 | Date and Time: 03/15/2011 1:00 pm |
|---|---|

The deposition will be recorded by this method:   stenographically and via live video conference

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

*CLERK OF COURT*

OR

_____            _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Digital Cinema Network PTY LTD (ACN 132 404 481)_____ , who issues or requests this subpoena, are:
Donald J. Kula, esq. of Perkins Coie LLP, 1888 Century Park East, Suite 1700, Los Angeles, CA 90067; Tel: (310) 788-3399; Fax: (310) 788-9900; DKula@perkinscoie.com

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*  Nicolas Zylberstein

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

### CV11- 1583 DSF (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY



**BY FAX**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Digital Cinema Network Pty Ltd ACN 132 404 481

**DEFENDANTS**
Omnilab Media Pty Limited; Omnilab Media Cinema Services Pty Ltd; and Michael Geoffrey Smith

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Donald J. Kula (SBN 144342)
Amir Gamliel (SBN 268121)
Perkins Coie LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
310.788.9900

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No
**☐ MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Section 1782(a) - application to take deposition for use in foreign action

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV11 01583**

**FOR OFFICE USE ONLY:** Case Number: _____
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2
   CCD-JS44

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No  [ ] Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No  [ ] Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)
[ ] A. Arise from the same or closely related transactions, happenings, or events; or
[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Australia |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Australia |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Australia |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_      Date February 22, 2011
Amir Gamliel

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                                CIVIL COVER SHEET                                Page 2 of 2